## 31303. CLAYTON v. FIRST NATIONAL BANK OF ATLANTA et al.

NICHOLS, Chief Justice.

This is an appeal from the grant of a directed verdict in favor of the appellee bank.

The appellant and the appellee were serving as co-executors and co-trustees under the will of appellant's deceased husband when a dispute arose over the appointment of a third executor. To settle the dispute the appellee filed a petition for clarification of trustees' duties, etc. The appellant then filed a counterclaim contending that the appellee had violated its fiduciary responsibility. The appellant claimed the appellee had failed to maximize the income of the deceased's estate by changing the character of the investments from those bringing in a higher yield to those within the bank's own portfolio at a substantially reduced yield. The issue presented by the bank's complaint was settled and the case proceeded to trial on the counterclaim.

The record shows the corpus of the estate depreciated from $112,000 to $87,000 during the four-year period the appellee acted as co-executor. The record further shows that the majority of the loss was not from investment losses but from expenses and necessary charges against the estate.

The sole enumeration of error contends the trial court erred in directing a verdict in favor of the appellee.

Trustees acting under instruments effective prior to July 1, 1972 are bound to exercise ordinary diligence in the preservation of the trust property. Code § 108-402. But see Ga. L. 1972, p. 450 et seq. (Code Ann. § 113-1530 and § 113-1534). The appellant presented no evidence that the appellee violated this standard.

There was no evidence of intentional mismanagement and the appellee has shown that the appellant had agreed in writing to every change made in the trust property. The appellant is now estopped from complaining of these changes and the trial court did not err in directing a verdict in favor of the appellee.

*Judgment affirmed. All the Justices concur, except Hall and Hill, JJ., who concur in the judgment only.*

ARGUED JULY 13, 1976 — DECIDED SEPTEMBER 7, 1976 — REHEARING DENIED SEPTEMBER 28, 1976.

*Glenville Haldi, Peek, Arnold, Whaley & Cate, William H. Whaley,* for appellant.

*Hansell, Post, Brandon & Dorsey, F. Carlton King, Jr.,* for appellees.